

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2013

# Xiang Zheng v. Attorney General United States

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-4435

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Xiang Zheng v. Attorney General United States" (2013). *2013 Decisions.* Paper 837.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/837

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4435
_____

XIANG QIN ZHENG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-477-996)
Immigration Judge:  Honorable William Strasser
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2013
Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: May 15, 2013)
_____

OPINION
_____

PER CURIAM

Xiang Qin Zheng, a citizen of the People's Republic of China, seeks review of a

Board of Immigration Appeals (BIA) decision denying his motion to reopen.  Having

carefully considered the record,[1] we conclude that the BIA's decision—holding that Zheng failed to show materially changed circumstances in China sufficient to allow him to benefit from the exception to the general 90-day limitations period for motions to reopen, see 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii)—was not "arbitrary, irrational, or contrary to law," and hence was not an abuse of discretion. Lin v. Att'y Gen., 700 F.3d 683, 685 (3d Cir. 2012) (internal quotation marks and citation omitted). Zheng did not show that conditions for Christians in China have materially worsened since the original immigration proceedings in his case. A change in personal circumstances, standing alone, cannot suffice to meet his burden. See Khan v. Att'y Gen., 691 F.3d 488, 497–98 (3d Cir. 2012). Accordingly, the petition for review will be denied.

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the parties are our primary audience, we need not recite the facts of the case.